# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ICA GROUP, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 12-6156 |
| | : | |
| TAGGART GLOBAL, LLC | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                    **January 14, 2013**

The ICA Group ("ICA"), a Colorado limited liability company, brought this breach of contract action against Taggart Global, LLC ("Taggart"), a Pennsylvania limited liability company. Taggart has moved to dismiss or transfer the action, contending it has no connection to the Eastern District of Pennsylvania. It asks that it be transferred to the Western District of Pennsylvania where Taggart's principal place of business is located. Opposing transfer, ICA argues that venue lies in any federal district in Pennsylvania, including the Eastern District of Pennsylvania, because Taggart is organized under Pennsylvania law.

In diversity cases, venue is determined as follows: (1) where all defendants reside in the same state, the district where any defendant resides; (2) the district where a substantial part of the events or omissions giving rise to the claim occurred; and (3) in the case where there is no other district in which the action can be brought, the district where a defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(b).

Venue is proper in the Western District of Pennsylvania because that is where the defendant has its principal place of business and where the events giving rise to

ICA's claim occurred. 28 U.S.C. § 1391(b)(1) and (2). Thus, because there is at least one district where venue lies in Pennsylvania, subsection three does not apply.

We must determine whether venue is also proper in the Eastern District of Pennsylvania under the first subsection of the venue statute, 28 U.S.C. § 1391(b)(1). In a multi-district state, like Pennsylvania, the question of where a corporate defendant resides for purposes of § 1391(b)(1) is controlled by 28 U.S.C. § 1391(d), which provides:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . .

There is no question that Taggart, a Pennsylvania limited liability company, is subject to personal jurisdiction in Pennsylvania. Consequently, the issue is whether Taggart is subject to personal jurisdiction in the Eastern District of Pennsylvania. *See Tranor v. Brown*, 913 F. Supp. 388, 390 (E.D. Pa. 1996)*; see also Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 442 (E.D. Pa. 1999); *In re Consol. Parlodel Litig.*, 22 F. Supp. 2d 320, 323 (D.N.J. 1998); *DiMark Mktg., Inc. v. La. Health Serv. and Indem. Co.*, 913 F. Supp. 402, 408 (E.D. Pa. 1996). In other words, we must conduct a personal jurisdiction analysis, treating Taggart as a foreign corporation and the Eastern District of Pennsylvania as a state*. See Horizon Mktg. v. Kingdom Int'l Ltd.*, 244 F. Supp. 2d 131, 138 (E.D.N.Y. 2003); *Superior Precast*, 71 F. Supp. 2d at 443 (characterizing the process as "a fictitious personal jurisdiction analysis").

There are two bases for personal jurisdiction, general and specific. The focus of general jurisdiction is on the relationship between the defendant and the forum state, not on the relationship of the claims to the forum. *See Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990). The specific jurisdiction inquiry considers the relationship of the litigation to the defendant's contacts with the forum. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002).

ICA does not argue, nor could it, that Taggart is subject to specific personal jurisdiction in the Eastern District of Pennsylvania. ICA does not dispute that Taggart has never had any dealings with ICA in this district. Neither the contract formation nor subsequent events occurred here. No communications or meetings took place here. All of the relevant events and omissions occurred in Canonsburg, Pennsylvania, where Taggart is located. Indeed, all the contacts that would give rise to specific personal jurisdiction with regard to this action occurred there.

To be subject to personal jurisdiction on the basis of general jurisdiction, Taggart's contacts with the Eastern District of Pennsylvania must be "continuous and systematic." According to the affidavit of Kenneth Lund, President of Taggart, Taggart has no contacts with the Eastern District of Pennsylvania. It does not have an office or any employees in this district. Nor does it regularly conduct any business here. It is a Pennsylvania limited liability company, whose sole member is Taggart Global USA, LLC, a Delaware limited liability company with its principal place of business in Canonsburg, Pennsylvania. Canonsburg is in Washington County, which is in the Western District of Pennsylvania. 28 U.S.C. § 118(c). Consequently, the judicial district

having general personal jurisdiction over Taggart if it were a separate state is the Western District of Pennsylvania.

ICA argues that Taggart's organization as a Pennsylvania limited liability company subjects it to suit in any district within Pennsylvania. ICA attempts to equate Taggart's domestic registration under Pennsylvania jurisdictional law with "residence" for the purpose of venue under 28 U.S.C. § 1391(c). ICA's argument ignores the 1988 amendment (effective Feb. 19, 1989) to § 1391(c) [now § 1391(d)]. *See* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3811 (1986) (citing 28 U.S.C. § 1391(c) (1948)). "As set forth in the 1988 amendment, venue does not lie against a corporation in a multi-district state solely because of its corporate status." *Tranor*, 913 F. Supp. at 390.

> [S]ince a corporation that duly licenses itself under state law is authorized to do business anywhere in the state, the 'licensing' standard would, in a state with several districts, X, Y, Z, make any district in that state a proper venue in an action against a corporate defendant even if all of the corporation's activities were in X district alone. It was this alternative that Congress, citing a Judicial Conference recommendation, sought to eliminate with the 1988 amendment.

*Id.* (quoting David D. Siegel, Commentary on 1988 and 1990 Revisions of Section 1391, 28 U.S.C.A. § 1391, 7 (1989)). Congress revised the venue provision to ensure that a corporate defendant cannot be sued in a district with which it has no contacts merely because that district is within the state of incorporation. *Id.* (citing *Van's Supply & Equip., Inc. v. Echo, Inc.*, 711 F. Supp. 497, 501 (W.D. Wis. 1989)).

Because it had no contacts with the Eastern District of Pennsylvania, let alone systematic ones, Taggart is not subject to personal jurisdiction in this district. Taggart

cannot be a "resident" of this district for purposes of the venue statute. Accordingly, venue in this district is improper.

When venue is in the wrong district or division, the court may either dismiss the action or, in the interests of justice, transfer it to any district or division in which it could have been brought. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also QRG, Ltd. v. Nartron Corp.*, No. 06-500, 2006 WL 2583626, at *3 (W.D. Pa. Sept. 7, 2006). The interests of justice are better served by transferring the action to the Western District of Pennsylvania. Therefore, we shall grant Taggart's motion to the extent it requests a transfer to the Western District of Pennsylvania.